EL PUEBLO, DEMANDANTE Y APELANTE, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 141 del Código Penal.

No. 712.—Resuelto en enero 19, 1915.

ENAJENACIÓN FRAUDULENTA—DENUNCIA.—En este caso se imputó al acusado el hecho de haber maliciosa y voluntariamente, y con intención premeditada, de defraudar a Hijos de J. Bird y León, enajenado una casa de su propiedad que había dado previamente en garantía a dichos Hijos de J. Bird y León mediante documento firmado de su puño y letra, en el cual se com-

prometía a no enajenar dicha casa sin previo consentimiento por escrito de dichos acreedores: *se resolvió* que ese hecho no determina ningún delito contra las leyes de Puerto Rico.

ID.—FRAUDE—PRUEBAS.—Para que exista fraude debe probarse que la persona a quien se acusa de haberlo cometido se haya valido de algún artificio, ardid o trama, por el cual al parecer realiza cierta cosa cuando en realidad está ejecutando alguna otra clandestinamente, por la cual recibe cierto beneficio propio a costa de otra persona esto es, que el acusado se ha enriquecido a expensas de otra persona.

ID.—CONNIVENCIA ENTRE EL VENDEDOR Y EL COMPRADOR—INTENCIÓN.—Para que exista un traspaso fraudulento debe haber alguna connivencia entre el deudor y la persona a quien se hace el traspaso, debiendo además demostrarse la intención por parte del vendedor de recibir algún beneficio propio.

ID. — DENUNCIA — MALICIOSA Y VOLUNTARIAMENTE — CONCLUSIONES LEGALES — BUENA FE.—Si bien en la denuncia en este caso se alega que la enajenación se hizo por el acusado maliciosa y voluntariamente y con la intención de defraudar a sus acreedores, estas palabras, con las cuales se describe la intención, no son sino meras conclusiones legales que no surgen de los actos cometidos por el acusado; no se demostró que la venta no hubiera sido hecha de buena fe.

ID.—PROMESA O CONTRATO DE NO VENDER—POSESIÓN Y DOMINIO DE PROPIEDAD.— El mero incumplimiento de una promesa o contrato personal de no vender sin el consentimiento de un acreedor, cuando la posesión y dominio de la propiedad queda en el deudor y el producto de la venta se emplea en pagar a otro acreedor anterior, no constituye un traspaso fraudulento de acuerdo con el artículo 141 del Código Penal.

ID.—PREFERENCIA DE ACREEDORES.—La preferencia de un acreedor a otro por el deudor no es fraudulenta, a menos que exista algún estatuto que la regule.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

El acusado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En 27 de abril 1914, la Corte de Distrito de Humacao declaró culpable a Rodrigo Martínez del delito previsto en la sección 141 del Código Penal y lo condenó a pagar una multa de quinientos dollars o a sufrir tres meses de cárcel. Contra dicha sentencia el acusado interpuso apelación pero no ha formulado alegato ni comparecido ante este tribunal. Sin embargo, de un examen de los autos aparece que fueron tales los errores fundamentales que se cometieron en contra del apelante que no puede permitirse que subsista la sen-

tencia condenatoria. La causa fué iniciada a virtud de una denuncia, la cual es como sigue:

"Yo, Arturo C. Bird, vecino de Fajardo, P. R., calle de Muñoz Rivera, formulo denuncia contra Rodrígo Martínez, por delito de infracción al artículo 141 del Código Penal de Puerto Rico, cometido de la manera siguiente: Que en 13 de enero de 1914 y en Fajardo, P. R., del Distrito Judicial Municipal de Fajardo, P. R., dicho acusado maliciosa y voluntariamente y con intención premeditada de defraudar a Hijos de J. Bird y León que es una sociedad mercantil con domicilio en Fajardo, de la cual es socio gestor el denunciante, enajenó una casa de su propiedad que había dado previamente en garantía a sus acreedores dichos Hijos de J. Bird León, mediante documento firmado de su puño y letra en el cual se comprometió a no enajenar dicha casa sin previo consentimiento por escrito de dichos acreedores."

Si examinamos los hechos de esta denuncia no vemos que en ella se impute ningún delito contra las leyes de Puerto Rico. La causa se siguió de acuerdo con la sección 141 del Código Penal de Puerto Rico, la cual es como sigue:

"SECCIÓN 141.—Todo deudor que fraudulentamente alejare sus bienes o efectos fuera de la jurisdicción de los tribunales, o que fraudulentamente enajenare, traspasare, cediere u ocultare sus bienes con el propósito de defraudar, entorpecer o demorar a sus acreedores en sus derechos, reclamaciones o demandas, incurrirá en cárcel por un término máximo de un año, o multa máxima de cinco mil (5,000) dollars, o ambas penas."

Como es bien sabido, el Código Penal de Puerto Rico fué tomado de California cuyo código heredó de Inglaterra la ley relativa a las enajenaciónes fraudulentas. Pero la ley de Inglaterra no varía grandemente de la ley civil en lo que respecta a qué es lo que constituye un traspaso fraudulento. Generalmente para que exista fraude debe probarse que la persona a quien se acusa del delito de haber cometido un fraude se ha valido de algún artificio, ardid o trama por los cuales al parecer realiza cierta cosa cuando en realidad de verdad está ejecutando alguna otra clandestina-

mente, por la cual recibe cierto beneficio propio a costa de otra persona. En otras palabras, deberá mostrarse que el acusado se ha enriquecido a expensas de otra persona, como sucede en el caso de una venta simulada en la cual el acusado en realidad conserva la posesión o dominio de la propiedad. Para que pueda existir un traspaso fraudulento debe haber alguna connivencia entre el deudor y la persona a quien se verifica el traspaso de la propiedad, debiendo además aparecer en todos los casos, la intención por parte del vendedor, en un traspaso que se alegue ha sido hecho fraudulentamente, de recibir algún beneficio propio.

La denuncia formulada en este caso a lo sumo expresa que Rodrigo Martínez se comprometió con la mercantil Hijos de J. Bird y León a no enajenar cierta casa de su propiedad sin previo consentimiento de sus acreedores y que a pesar de ello vendió la referida propiedad a otra persona. Es verdad que en ella se alega que lo hizo maliciosa y voluntariamente y con la intención de defraudar a sus acreedores, pero estas palabras con las cuales se describía la intención del deudor no son sino meras conclusiones legales que no surgen de la relación detallada que se ha hecho del acto cometido por el acusado. De los hechos no aparece lo que se conoce con el nombre de traspaso fraudulento. No se demuestra que la referida venta no hubiera sido hecha de buena fé. Ciertamente que el hecho alegado en este caso como constitutivo esencialmente del delito consiste solamente en haber vendido la casa el acusado no obstante la promesa que hizo de no verificarlo. La idea de haberse llevado a efecto un traspaso por virtud del cual el deudor vendió fraudulentamente su casa está contradicha por la relación especificada que se hace en la denuncia de que su delito consistió en vender una propiedad sin el consentimiento previo de sus acreedores.

Aun cuando tal vez pudiera alegarse que las palabras de la denuncia están de acuerdo con el estatuto en cuanto

por ellas se alega que el traspaso fué hecho fraudulenta-
mente, los hechos probados en el juicio muestran, sin em-
bargo, que el caso es uno más bien a favor del acusado que
de la supuesta teoría de la denuncia a que acabamos de refe-
rirnos.    Los hechos desarrollados en el juicio quizás apa-
recen mejor expresados en el alegato del Fiscal.    La siguiente
puede considerarse como la prueba del caso según ha sido
resumida por el Fiscal, a saber:

"Que en el mes de enero de 1913, y en Fajardo, el acusado, Ro-
drígo Martínez, adeudaba a la casa de Hijos de J. Bird y León una
suma de dinero; que Arturo C. Bird como miembro de dicha casa
hizo un convenio con el Sr. Rodrigo Martínez por el cual este último
se comprometió a satisfacer dicha suma en el plazo de tres meses.
Que Rodrigo Martínez firmó un documento en el que puso como garan-
tía una casa que tenía en la calle Muñoz Rivera de Fajardo, compro-
metiéndose a no venderla ni a disponer de ella sin previo consenti-
miento por escrito de uno de los socios de la casa de Hijos de J. Bird
y León.    Que este documento fué prorrogado en varias ocasiones y
que al vencerse el último plazo en 24 de julio, el denunciante le escri-
bió una carta al acusado para que viniera a cumplir con la obligación.
Después de esto se desprende que Rodrigo Martínez obtuvo una pró-
rroga y que vencida ésta y con fecha 2 de enero le escribieron otra
carta para que pagara la deuda.    Después de haberse vencido la obli-
gación y después de haber recibido esta carta, en la que el acusado
era requerido para el pago, como se deja ya dicho, el citado, Rodrígo
Martínez traspasó la propiedad que garantizaba la suma que adeu-
daba a Hijos de J. Bird y León a cierto individuo.    En el acto de la
vista se presentó la escritura de traspaso.    Del producto de esta venta
parece que el citado Martínez pagó el importe de una hipoteca a Doña
María de los Angéles, y desde luego dejó de pagar la suma que adeu-
daba a la casa de Hijos de J. Bird y León.

"La prueba de descargo admite que Rodrígo Martínez traspasó
la propiedad y que no pagó al denunciante."

Vemos, pues, que Rodrigo Martínez ya era deudor de
Hijos de J. Bird y León; que aparentemente, y con el ob-
jeto de que se le ampliara su crédito otorgó una escritura
en la cual se comprometió a no vender sin el consentimiento
de sus acreedores; que en realidad vendió, pero el producto

de la venta lo empleó en pagar a otro acreedor. Esos hechos no constituyen un traspaso fraudulento. El deudor no cumplió con la promesa que hizo a Hijos de J. Bird y León pero el mero incumplimiento de una promesa o ejecución de un contrato no constituye un delito; Rodrigo Martínez quedó en posesión y dominio de su casa; tenía el absoluto dominio de la misma aunque gravado por la hipoteca al otro acreedor, y una persona en el ejercicio del dominio de su propiedad tiene el derecho de venderla. El quebrantó la promesa pero su violación no constituye de modo alguno un traspaso y por tanto no se ha imputado ningún delito de acuerdo con el artículo 141 del Código Penal. Además era al Fiscal a a quien incumbía probar en el juicio que el traspaso fué fraudulento. No solamente no se probó que la venta realizada por Rodrigo Martínez era fraudulenta, o que recibira él algún beneficio por virtud de la misma, sino que ha sido admitido por el Fiscal que el producto de dicha venta fué empleado en el pago de una hipoteca anterior que gravaba a dicha propiedad. La preferencia de un acreedor a otro por el deudor no es fraudulenta a falta de un estatuto que regule tales preferencias. 20 Cyc., páginas 472 y siguientes. El contrato celebrado con la mercantil Hijos de J. Bird y León era puramente personal y no estaba garantizado. El traspaso no fué fraudulento, sino *bona fide* por el cual el deudor quedó natural y absolutamente privado de su dominio sobre la propiedad.

Debe revocarse la sentencia y absolverse al acusado.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.